OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Medina County Bar Association v. Hendricks.
[Cite as Medina Cty. Bar Assn. v. Hendricks (1994),
Ohio St.3d      .]
Attorneys at law -- Misconduct -- Stayed two-year suspension
     with two-year probation on conditions -- Committing
     perjury -- Repeatedly lying to clients -- Lying to bar
     association grievance committee.
     (No. 93-1714 -- Submitted October 12, 1993 -- Decided
March 30, 1994.)
     On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 92-34.
     Relator, Medina County Bar Association, filed an amended complaint against respondent, Connie Gent Hendricks of Medina, Ohio, Attorney Registration No. 0039946, charging her with violating the Code of Professional Responsibility. A hearing was held on the matter by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on July 23, 1993.
     The hearing record and stipulations establish that Hendricks perjured herself on February 12, 1991, while testifying in the Medina Municipal Court. Hendricks admitted that she also perjured herself in a deposition during her divorce proceedings in Wayne County, although this was not charged in the complaint.
     Hendricks also lied repeatedly to her clients. In four cases, she told clients that court dates had been scheduled, when in fact she had not even filed suit on behalf of those clients. In one of these cases, Hendricks also told her clients that she had corresponded with the other party and the other party had agreed to settle. Both claims were false. In another case, Hendricks falsely told a client that her case had been assigned to a particular judge and that the judge was helping Hendricks submit demands to the other party.
     Finally, Hendricks lied to the Certified Grievance Committee of the Medina County Bar Association. She told the committee that she was not engaged in private practice at a time when she was representing at least one private client in a personal injury case.

Hendricks stipulated that she had committed two violations of DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), two violations of DR 7-101(A)(2) (intentional failure to carry out contract of professional employment), and one violation of DR 7-102(A)(4) (knowing use of perjured testimony).

In mitigation, Hendricks testified that, when she committed these violations, she had been going through a lengthy and difficult divorce, and her daughter had been hospitalized in Columbus. Hendricks has since been appointed counsel for the Medina County Department of Human Services and has withdrawn from the private practice of law (except that she was representing three clients in minor traffic matters pending at the time of her disciplinary hearing).

The panel concluded that respondent had violated the aforementioned Disciplinary Rules and recommended that Hendricks be suspended for two years. The panel further recommended that the suspension be stayed and respondent be placed on probation on the following conditions: During the period of probation:

(1) Hendricks is to continue her present employment and refrain from private practice (other than completing the traffic matters she was already employed in);

(2) She is to be monitored by a member of the Medina County Bar Association;

(3) She is to remain in counseling "at the sole discretion of her counselor";

(4) She is to complete all CLE requirements and specifically seek training in client management and ethics (Hendricks agreed to complete at least twelve hours of such instruction); and

(5) She is to pay the costs of the disciplinary proceedings.

The board concurred in the panel's findings and recommendations.

Patricia A. Walker and Carol Conrad Reiter, for relator.

Per Curiam. We concur in the findings and recommendation of the board. We suspend Connie Gent Hendricks from the practice of law in Ohio for two years, but order the suspension stayed on condition that Hendricks obey the conditions of her two-year probation as recommended by the panel and board. If respondent violates any of those conditions during the probationary period, the two-year term of suspension will be automatically imposed. Costs taxed to respondent.

                                        Judgment accordingly.

A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., dissents and would indefinitely suspend respondent.